Frank L. McNamara, Jr., Esq.
(BBO #339300)
McNamara & Associates
53 Wilder Road
Bolton, MA  01740
Tel: (978) 333-9608
franklmcnamara@gmail.com

Maureen Riordan* (NY Bar No. 2058840)
Joe Nixon (TX Bar No. 1524400)
PUBLIC INTEREST LEGAL FOUNDATION
107 S. West Street, Suite 700
Alexandria, VA  22314
Tel: (703) 745-5870
mriordan@publicinterestlegal.org
jnixon@publicinterestlegal.org
*Pro hac vice applications forthcoming
Attorneys for Plaintiff Public Interest Legal Foundation

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PUBLIC INTEREST LEGAL FOUNDATION, INC.<br><br>*Plaintiff*,<br><br>BOSTON ELECTIONS DEPARTMENT<br><br>*Defendant*. | Case No. |

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND INJUNCTIVE RELIEF

Plaintiff Public Interest Legal Foundation, Inc, by and through counsel, brings this action for declaratory and injunctive relief against Defendant for violations of the Public Disclosure Provision of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507(i)(1).

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the action arises under the laws of the United States. This Court also has jurisdiction under 52 U.S.C. § 20510(b) because the action seeks injunctive and declaratory relief under the NVRA.

2. Venue in this Court is proper under 28 U.S.C. § 1391(b)(1) because the Defendant resides in this district, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

3. The Public Interest Legal Foundation, Inc. ("Foundation") is a non-partisan, 501(c)(3) public interest organization incorporated and based in Alexandria, Virginia. The Foundation promotes the integrity of elections nationwide through research, education, remedial programs, and litigation. The Foundation regularly utilizes the NVRA's Public Disclosure Provision and state and federal open records laws that require government records be made available to the public. Using records and data compiled through these open records laws, the Foundation analyzes the programs and activities of state and local election officials to determine whether lawful efforts are being made to keep voter rolls current and accurate in accordance with federal and state law, and to determine whether eligible registrants have been improperly removed from voter rolls. The Foundation also uses records and data to produce and disseminate reports, articles, blog and social media posts, and newsletters to advance the public education aspect of its organizational mission.

4. Defendant Boston Election Department is required to "exercise the powers and perform the duties provided by statute" pertaining to the registering of voters and the conduction of elections for the City of Boston. (Boston MA. City of Boston Municipal Code § 2-3.1 1975)

5.      The Defendant is required to perform the same duties required of all registrars within the Commonwealth of Massachusetts. ("Registrars" or "registrars of voters" shall mean the board of registrars of voters of a city or town and shall include the board of election commissioners or election commission of any city having such a board or commission, with reference to all matters coming within the scope of their powers and duties. "Registrar" shall, when applicable, mean a member of any of said boards. Mass. Ann. Laws ch. 50, § 1 (LexisNexis, Lexis Advance through Chapter 89 of the 2023 Legislative Session of the 193rd General Court). The Defendant is therefore required to enter any changes, including additions and removals of voters to the central registry of voters encompassed within the Commonwealth's statewide central registry of voters. *See* 950 CMR §§ 58.01-58.05, including:

    i.    The Defendant is mandated to "enter into the central registry of voters, all information required to maintain and update the annual register of voters pursuant to M.G.L. c. 51. This includes but is not limited to: (a) The name, residential address, party or political designation, and effective date of registration of all registered voters in their community." 950 CMR 58.03.

    ii.    The Defendant "may correct information to the extent necessary to *maintain the integrity of their records*." 950 CMR 58.03(2)(emphasis added).

    iii.    The Defendant "shall review the pending queue of the central registry of voters during each business day" and take appropriate action. 950 CMR 58.04.

**BACKGROUND**

*The NVRA's Public Disclosure Provision*

6.      The NVRA provides, in relevant part, "Each State shall maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters[.]" 52 U.S.C. § 20507(i)(1) (hereafter, the "Public Disclosure Provision").

7. The Public Disclosure Provision "embodies Congress's conviction that Americans who are eligible under law to vote have every right to exercise their franchise, a right that must not be sacrificed to administrative chicanery, oversights, or inefficiencies." *Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 334-35 (4th Cir. 2012).

8. The Public Disclosure Provision is designed to "ensure that election officials are fulfilling their list maintenance duties" and is "available to any member of the public." *Bellitto v. Snipes*, No. 16-cv-61474, 2018 U.S. Dist. LEXIS 103617, at *12 (S.D. Fla. Mar. 30, 2018). The Public Disclosure Provision "convey[s] Congress's intention that the public should be monitoring the state of the voter rolls and the adequacy of election officials' list maintenance programs. Accordingly, election officials must provide full public access to *all* records related to their list maintenance activities, including their voter rolls." *Id*. at *12-13.

9. As recently as February 2, 2024, the First Circuit Court of Appeals confirmed that the State of Maine's "Voter File plainly relates to the carrying out of Maine's voter list registration and maintenance activities and is thereby subject to disclosure under Section 8(i)(1)." *Pub. Int. Legal Found., Inc. v. Bellows,* No. 23-1361, 2024 U.S. App. LEXIS 2416, at *17 (1st Cir. Feb. 2, 2024). Likewise, the requested records here are within the NVRA's scope.

***The Foundation Requested Records Pursuant to the Public Disclosure Provision.***

10. On November 9, 2023, pursuant to the Public Disclosure Provision, the Foundation requested the following records from the Defendant:

    1. A current or most updated copy of the City of Boston's portion of the registry of voters containing all data fields as described in Mass. General Laws c.51 § 47C.

Correspondence from the Foundation dated November 9, 2023 is attached as Exhibit A (hereafter, the "Inspection Request").

***Defendant Is Denying the Foundation Access to Voter List Maintenance Records***

4

11. Defendant did not respond to the Inspection Request.

12. On February 7, 2024, the Foundation notified the Defendant Boston Elections Department and the Secretary of the Commonwealth, that the Defendant was in violation of the NVRA for failure to permit inspection of its voter list maintenance records as required by 52 U.S.C. § 20507(i). The Notice Letter notified Defendant that the requested records fall within the scope of the NVRA. Correspondence from the Foundation dated February 7, 2024 is attached as Exhibit B (hereafter, the "Notice Letter").

13. As with the previous correspondence, the Foundation sent the Notice Letter to Defendant via email. (Confirmation of email delivery by Outlook is attached as Exhibit C.)

14. As required by the NVRA's private-right-of-action provision, 52 U.S.C. § 20510(b)(1), the Foundation provided written notice to Massachusetts' chief election officer—the Secretary of the Commonwealth—that the City of Boston Elections Department was in violation of the NVRA's Public Disclosure Provision. (Exhibit B). (Confirmations of email received and read are attached as Exhibits D and E.)

15. The Notice Letter further notified Defendant that "Failure to permit public inspection or otherwise provide copies of the requested records is a violation of federal law for which the NVRA provides a private-right-of-action." (Exhibit B at 2).

16. The Notice Letter also notified Defendant that litigation may commence against it if the violations about which it was notified were not cured within twenty (20) days of the receipt of the letter. Exhibit B (citing 52 U.S.C. § 20510(b)(2)). The Foundation has not received any further communication from Defendant Boston Elections Department.

***Defendant Has Not Cured the NVRA Violation***

17. The Foundation sent the Notice Letter on February 7, 2024.

18. The NVRA affords violating parties twenty (20) days to cure NVRA violations when the violation is occurring within one hundred and twenty (120) days of an election for federal office, as it is here with the upcoming March 5, 2024, Massachusetts Presidential Primary Election. See 52 U.S.C. § 20510(b)(2).

19. "The apparent purpose of the notice provision is to allow those violating the NVRA the opportunity to attempt compliance with its mandates before facing litigation." *Ga. State Conference of the NAACP v. Kemp*, 841 F. Supp. 2d 1320, 1335 (N.D. Ga. 2012).

20. Because Defendant has failed to cure the violation within twenty (20) days, this action is ripe.

***Defendant's Actions Are Causing the Foundation to Suffer Concrete Harm***

21. The requested records are records within the scope of the NVRA's Public Disclosure Provision.

22. The Public Disclosure Provision authorizes and entitles the Foundation to inspect and duplicate the requested records.

23. Defendant's violations of the NVRA are causing the Foundation to suffer a concrete informational injury because the Foundation does not have records and information to which it is entitled under federal law. *FEC v. Akins*, 524 U.S. 11, 21 (1998) ("[A] plaintiff suffers an 'injury in fact' when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute."). This "informational injury" is causing the Foundation to suffer additional adverse effects.

24. The Foundation gathers information about the state of the voter rolls across the nation for the purpose of assessing the accuracy and currency of the rolls and whether officials are complying with state and federal voter list maintenance standards, as well as other best

practices. *See* "Errors in America's Voter Rolls," Public Interest Legal Foundation, https://publicinterestlegal.org/issues/voter-roll-error-map/.

25. The Foundation will use the requested records to further study and investigate Boston's voter list maintenance activities and Boston's compliance with state and federal law, and other best practices.

26. Defendant Boston Department of Election's denial of the requested records affects the Foundation's programming and will dictate where additional Foundation resources will be deployed for further investigations, communications with certain election officials, and necessary remedial measures.

27. The Defendant's failure to allow inspection pursuant to federal law causes harm to the Foundation as it is required to expend additional resources and staff, while limiting the Foundation's ability to fund other pending investigations and programming.

28. The Defendant's failure to allow inspection of these records further injures the Foundation's non-profit educational programming which includes providing policy advice to state officials and legislative guidance and testimony to Congress regarding state compliance with voting rights legislation requirements.

29. The Foundation needs continually to keep its institutional knowledge current and accurate so that the organization can operate efficiently and effectively, including for the purposes that Congress intended under the NVRA. The failure of Defendant to provide records subject to disclosure impairs and directly frustrates the Foundation's accumulation of institutional knowledge about nationwide list maintenance practices by government officials. This impairment harms the Foundation's ability accurately and comprehensively to educate the public and election officials about numerous circumstances, including the state of their own voter

rolls. This impairment harms the Foundation's ability accurately and comprehensively to educate members of Congress about numerous circumstances, including possible amendments to the NVRA, compliance with federal law by state officials, and the effectiveness of the NVRA's four (4) articulated legislative purposes.

30. By denying the Foundation the ability to obtain the requested voter list maintenance records, Defendant is also impairing the Foundation's ability to, *inter alia*, (1) study and analyze the City of Boston's voter list maintenance programs and activities; (2) assess the City of Boston's enforcement of state and federal voter eligibility requirements; (3) assess the City of Boston's compliance with state and federal voter list maintenance obligations, and other best practices; and (4) aid the City of Boston in carrying out voter list maintenance programs and activities, and other best practices, thus injuring the Foundation.

31. The Foundation intends to request similar records from the Defendant in the future.

## COUNT I

### Violation of Section 8(i) of the NVRA, 52 U.S.C. § 20507(i)

32. The Foundation realleges the preceding paragraphs as if fully stated herein.

33. Upon information and belief, the requested record(s) are in Defendant's possession, custody, and control.

34. Defendant is denying the Foundation access to records within the scope of the NVRA's Public Disclosure Provision and thereby violating the NVRA's Public Disclosure Provision.

35. The Foundation is entitled to relief but has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment:

1. Declaring that Defendant is in violation of Section 8(i) of the NVRA for denying the Foundation the opportunity to inspect and copy the requested records.

2. Declaring that Section 8(i) of the NVRA preempts and supersedes any state statute, code, regulation, practice, policy that prevents the Foundation from inspecting and copying the requested records, or data contained in them.

3. Ordering Defendant to provide the requested records to the Foundation,

4. Permanently enjoin the Defendant from denying similar requests in the future.

5. Ordering Defendant to pay the Foundation's reasonable attorney's fees, including litigation expenses and costs, pursuant to 52 U.S.C. § 20510(c); and,

6. Granting the Foundation further relief that this Court deems just and proper.

Dated: February 29, 2024.

/s/ Frank L. McNamara, Esq.
Frank L. McNamara, Jr., Esq.
(BBO #339300)
McNamara & Associates
53 Wilder Road
Bolton, MA  01740
Tel: (978) 333-9608
franklmcnamara@gmail.com

Maureen Riordan* (NY Bar No. 2058840)
Joseph M. Nixon * (TX Bar No. 1524400)
PUBLIC INTEREST LEGAL FOUNDATION
107 S. West Street, Suite 700
Alexandria, VA  22314
Tel: (703) 745-5870
mriordan@publicinterestlegal.org
jnixon@publicinterestlegal.org
*Pro hac vice applications forthcoming
Attorneys for Plaintiff Public Interest Legal Foundation