

*VIA EMAIL*

February 7, 2024

The Hon. William Francis Galvin
Secretary of the Commonwealth of Massachusetts
One Ashburton Place, Room 1705
Boston, MA 02108
Email: elections@sec.state.ma.us | cis@sec.state.ma.us

City of Boston Election Department
One City Hall Square, Room 241
Boston, MA 02201
Email: election@boston.gov | sultan.durzi@boston.gov

**RE: Notice of NVRA Violation**

Dear Secretary Galvin and Boston Election Department:

Pursuant to 52 U.S.C. § 20510(b)(1), this letter serves as statutory notice to Secretary of the Commonwealth William Francis Galvin, as Massachusetts' chief election official, that the City of Boston Election Department ("Boston") is in violation of the National Voter Registration Act (NVRA) for failure to permit inspection and reproduction of public records as required by the NVRA, 52 U.S.C. § 20507(i)(1).

You are hereby notified that you now face federal litigation if you continue to deny access to the requested records.

**Background**

The NVRA requires each state and the District of Columbia to make available for public inspection "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. § 20507(i)(1). The records the NVRA describes are commonly referred to as "voter list maintenance" records.

On November 9, 2023, pursuant to the NVRA, the Foundation requested from your office the opportunity to inspect or receive certain voter list maintenance records, namely: "(1) A current or most updated copy of the City of Boston's portion of the registry of voters containing all data fields as described in Mass. General Laws c.51 § 47C. A copy of the Foundation's November 9, 2023, request is enclosed with this notice.

**Violation of the National Voter Registration Act**

The Foundation has not received a response to its request, which was submitted 90 days ago.

As explained in the Foundation's November 9, 2023, request, the NVRA requires election officials to make available for public inspection "**all records** concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. § 20507(i)(1) (emphasis added).

Just last week, the First Circuit Court of Appeals confirmed that the State of Maine's "Voter File plainly relates to the carrying out of Maine's voter list registration and maintenance activities and is thereby subject to disclosure under Section 8(i)(1)." *Pub. Int. Legal Found., Inc. v. Bellows*, No. 23-1361, 2024 U.S. App. LEXIS 2416, at *17 (1st Cir. Feb. 2, 2024) Likewise, the requested records here are within the NVRA's scope. As the First Circuit Court of Appeals noted, "Congress carved out two exceptions to Section 8(i)(1), neither of which the Voter File falls into, 'additional exceptions are not to be implied' by referencing Section 8(i)(2)." *Pub. Int. Legal Found., Inc. v. Bellows*, No. 23-1361, 2024 U.S. App. LEXIS 2416, at *20 (1st Cir. Feb. 2, 2024) (citing *Andrus v. Glover Constr. Co.*, 446 U.S. 608, 616-17 (1980)).

Any state law limiting disclosure of the requested records is inapplicable to our request because the NVRA, as a federal enactment, is superior to conflicting state laws under the Constitution's Elections and Supremacy Clauses. *See Arizona v. Inter Tribal Council of Ariz., Inc.*, 570 U.S. 1, 12-15, 133 S. Ct. 2247, 2255-57 (2013). As explained by the First Circuit Court of Appeals,

> As stated by Congress, the purposes of the NVRA are "to establish procedures that will increase the number of eligible citizens who register to vote in elections for Federal office;" "to make it possible for Federal, State, and local governments to implement this chapter in a manner that enhances the participation of eligible citizens as voters in elections for Federal office;" "to protect the integrity of the electoral process; and . . . to ensure that accurate and current voter registration rolls are maintained." 52 U.S.C. § 20501(b)(1)-(4). To further these purposes, Congress created Section 8(i)(1) along with a private right of action for members of the public to enforce the provision's disclosure mandate. 52 U.S.C. §§ 20507, 20510(b). Thus, it is of no surprise that the NVRA "embodies Congress's conviction that Americans who are eligible under law to vote have every right to exercise their franchise, a right that must not be sacrificed to administrative chicanery, oversights, or inefficiencies." *Project Vote*, 682 F.3d at 334-35. And Maine may not "condition[] that right . . . upon compliance with a rule . . . [that] is inconsistent in both purpose and effect with the remedial objectives of the [NVRA]." Cf. *Felder v. Casey*, 487 U.S. 131, 153, 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988).

*Pub. Int. Legal Found., Inc. v. Bellows*, No. 23-1361, 2024 U.S. App. LEXIS 2416, at *28-29 (1st Cir. Feb. 2, 2024).

Decisions of the First Circuit are binding on federal courts in Massachusetts.

Failure to permit public inspection or otherwise provide copies of the requested records is a violation of federal law for which the NVRA provides a private right of action. 52 U.S.C. § 20510(b).

Secretary Galvin and Boston Election Department are hereby notified that they are violating the NVRA and litigation may commence against them if the violations described herein are not cured within 20 days of the receipt of this letter. The curative period is 20 days because the violation is occurring within 120 days of the March 5, 2024, Massachusetts Presidential Primary Election,[1] an election for federal office. *See* 52 U.S.C. § 20510(b)(2).

For lawsuits initiated by a private party, an award of attorney's fees, expenses, and costs incurred is available under 52 U.S.C. § 20510(c). The Foundation was recently awarded attorney's fees and litigation expenses as the prevailing party in actions to enforce the NVRA's public inspection rights.[2]

If the violation described herein is not cured in the time afforded by law, we will have no choice but to pursue remedies in federal court.

Please contact me to arrange for secure transmission of the requested records, if necessary.

Thank you for your continued attention to this matter.

Sincerely,

Logan Churchwell
Research Director
Public Interest Legal Foundation

---

[1] https://www.sec.state.ma.us/divisions/elections/recent-updates/upcoming-elections.htm
[2] Doc. 97, *Public Interest Legal Foundation v. Bennett*, No. 4:18-cv-0981 (entered June 30, 2021).